20395

William W. WILKINS, Jr., Solicitor, Thirteenth Judicial Circuit, Respondent, v. Bruce H. TAYLOR, Driver-Licensee, Appellant.

(234 S. E. (2d) 212)

*Messrs. Joseph J. Blake, Jr.,* and *Ellis M. Johnston II,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for Appellant,*

*Joseph R. Barker, Asst. Atty. Gen.,* of Columbia, *for Respondent,*

April 11, 1977.

LEWIS, Chief Justice:

Code Section 46-197 *et seq.,* as amended, sets forth the procedure for barring an habitual offender of the traffic laws from operating a motor vehicle upon the highways of this State. Included in this statute is a provision (Section 46-197.12) directing that the State Highway Department "shall send a written notice to any person who it determines is in danger of becoming an habitual offender."

Appellant was adjudged an habitual offender of the traffic laws and an order entered, pursuant to Section 46-197 *et seq.,* depriving him of the right to operate a motor vehicle upon the highways of this State. Admittedly, no notice was given to appellant at any time by the Highway Department

that he was in danger of becoming an habitual offender, as directed by Section 46-197.12. His sole defense in the lower court was that compliance with these notice provisions was mandatory and a prerequisite to the exercise of the power of the court to declare him an habitual offender. The lower court overruled this contention and this appeal followed.

The issue to be decided concerns the effect of the notice provisions of Section 46-197.12 upon the power of the court to bar an habitual offender of the traffic laws from operating a motor vehicle upon the highways of this State.

The declared purpose of Section 46-197 *et seq.* is to promote safety upon the highways by imposing additional penalties upon habitual offenders of the traffic laws. The statute defines an habitual offender and provides that the State Highway Department shall certify to the Solicitor or Attorney General the conviction record of any person whose record brings him within the classification of an habitual offender. The Solicitor or Attorney General is then required to institute proceedings to have the court determine whether the person named is an habitual offender within the meaning of the statute. Upon finding that the individual has been guilty of such repeated violations of the traffic laws, the statute provides that the court shall direct, in conformity with the statutory penalties, that the person not operate a motor vehicle upon the highways of this State.

The last section of the statute is 46-197.12 containing the quoted notice provisions here in question.

We agree with the position of respondent, adopted by the lower court, that the notice requirement of Section 46-197.12 is not a condition precedent to a determination of whether one is an habitual offender.

The language of Section 46-197.12 shows that there was no legislative intent to make a determination by the court and the imposition of penalties dependent upon notice, since notice is only required to be given by the Highway Department to a person who it determines is in danger of becoming

an habitual offender. If there was no such determination by the Department, then no notice would be required. In fact, if appellant's position were adopted, it would in many cases be difficult or impossible to secure the imposition of penalties on an habitual offender. For example, if the convictions necessary to meet the statutory requirement for an habitual offender occurred within a few days, it would be impossible for the Department to make the determination that the driver was in danger of becoming an habitual offender and send the required notice before he reached the habitual offender status. Certainly, there was no legislative intent to reward the habitual offender whose violations occurred in such a short time as to make it impossible for the Department to make the determination and give the notice under Section 46-197.12.

The statute clearly defines an "habitual offender," and the authority is unconditionally granted to the court to impose the specified penalties upon a finding that the repeated violations placed the offender within the statutory definitions. There is no provision making the imposition of penalties dependent upon the notice referred to in Section 46-197.12. If the General Assembly had intended that the notice provision have such effect, it could have easily so provided. We refuse to read into the statute the meaning urged by appellant when to do so in this case would defeat the legislative purpose. Applicable is the principle stated in *Beaufort County v. Jasper County,* 220 S. C. 469, 68 S. E. (2d) 421, that "as between two possible constructions of a statute, that one should be adopted which effectuates rather than defeats the legislative purpose."

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.